MEMORANDUM *
Clarence Godbouldt (“Godbouldt”) appeals from the district court’s decision denying his habeas corpus petition. We affirm.
Godbouldt contends there was insufficient evidence of “sustained fear” to support his conviction for making criminal threats under California Penal Code section 422. Under Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), a reviewing court must view the evidence at trial in the light most favorable to the prosecution to determine whether any rational juror could have found the defendant guilty beyond a reasonable doubt. If the jury could draw competing inferences from the evidence, the reviewing court must draw them in favor of conviction. See McMillan v. Gomez, 19 F.3d 465, 469 (9th Cir.1994). Under the Anti-Terrorism and Effective Death Penalty Act (“AEDPA”), our review is doubly deferential, both to the jury’s verdict and to the California Court of Appeal’s conclusion that there was sufficient evidence to support that verdict. See Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (habeas relief is appropriate if state court’s application of law is more than incorrect or erroneous; it must be “objectively unreasonable”).
Although the victim, Kevin Holt (“Holt”), testified that he was not initially concerned when police conveyed Godbouldt’s threat because Godbouldt was in custody at the time, on the day of trial Holt was reminded that Godbouldt also threatened to hunt down Holt and his family when released from jail. Holt testified that on hearing this, his heart sank, and he cried. He also testified that he would be afraid of Godbouldt if he encountered him on the street.
Under California law, “sustained fear” must be more than “momentary, fleeting, or transitory,” People v. Allen, 40 Cal. Rptr.2d 7, 33 Cal.App.4th 1149, 1156 (1995), but periods of time from fifteen minutes to an hour have been held sufficient. Id. at 1155, 40 Cal.Rptr.2d 7; People v. Solis, 109 Cal.Rptr.2d 464, 90 Cal. App.4th 1002, 1016 (2001). The victim need not immediately be frightened by the threat, and the threat is not required to be the sole cause of the victim’s fear. Solis, 90 Cal.App.4th at 1014, 109 Cal.Rptr.2d 464. A threat recipient may also reasonably sustain fear because the victim knows of the defendant’s prior unlawful conduct. Allen, 33 Cal.App.4th at 1151-56, 40 Cal. Rptr.2d 7. Viewing the evidence in the light most favorable to the prosecution, as required by Jackson, 443 U.S. at 319, 99 S.Ct. 2781, and with deference to the state court decision as required by AEDPA, it was not objectively unreasonable for the California Court of Appeal to conclude that the evidence of sustained fear was sufficient to support Godbouldt’s conviction.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.